## Chesapeake & Ohio Railway Company v. Collins.

(Decided April 21, 1914.)

### Appeal from Carter Circuit Court.

Trespass—Burden of Proof.—When a party sues for trespass committed upon his premises and the defendant denies that an entry was made upon the premises of the plaintiff, the burden is on the plaintiff to show that he was the owner of or rightfully in the possession of the premises entered upon.

SHELBY, NORTHCUTT & SHELBY, WILHOIT & WILHOIT and H. L. WOODS for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Collins, recovered a judgment against the appellant railroad company upon the theory that it had unlawfully and over his protest entered upon premises in his possession and erected thereon a high and otherwise objectionable fence in front of and close to his place of business. The whole case for the appellee rested on the assumption that the fence complained of was erected on premises in his possession. If the fence was not erected on premises rightfully in the possession of appellee, he was not entitled to recover any damages, and the peremptory instruction moved in behalf of the company should have been granted.

The company admitted the erection of the fence complained of and defended its right to do so upon the ground that the fence was not erected upon land rightfully in the possession of appellee as a tenant or lessee of Powell. A square issue was made by the pleadings upon this controlling question of the case, Collins asserting that the fence was built on Powell's land, while the company averred that it was built on its land.

Collins testified, in substance, that after leasing the ground from Powell, he erected a little business house on the lot and was in possession of the same at the time the fence was built. He was asked the question "if anything occurred while you were in possession from any outside parties, tell the jury what it was with reference to any entry upon the land. During that time did the defendant enter upon these premises? A. The C. & O. put a fence there." He further testified that the fence was made of cross-ties set about 2½ feet apart, with wire nailed to them, and that when he requested the employes of the company not to build the fence, they said they were going to fence him up; that the fence was about six feet high and was built about 2½ feet from the door and in front of his business place; that he asked the company to attach the fence to the corner of his building so as to leave him an open front, which they declined to do, and also refused to lower the fence in front of his building so that people could step over it. He further said that when he built his business house the company claimed that it was built about six inches on its land and that he then moved his house back about eighteen inches.

German Hellman said that he helped build the fence for the company and that it was built about three feet from the house, that the tops of the posts were about five feet from the ground; that it extended about twelve feet on one side of the house and about thirty feet on the other. This witness was also asked: "Do you remember the time the C. & O. built the fence on Bill Collins' lot up there? A. Yes, sir."

Green Sparks, another witness for Collins, gave, in substance, the same evidence as Hellman, but neither of them were asked, nor did either of them say that they knew where the property line was.

Powell, who leased the land to Collins, said he remembered when the fence was built in front of Collins' place of business, but was not asked and did not say on whose land the fence was built.

Forbes, a civil engineer in the employment of the company, and who superintended the building of the fence, said that there was an old fence on the line where the new fence was built, and that he told Collins his house was built on the right of way, and afterwards it was moved back. That the fence complained of was built on the line of the old fence. There was also other evidence that the new fence was built on the line of an old one.

The evidence on the subject of the location of the fence does not show that it was built on the land Powell had leased to Collins, and therefore Collins failed to make out a case. The burden was on him to show the erection of the fence on the leased land, and this he did not do. In fact his statement, that he voluntarily moved his building back about eighteen inches when the company informed him that it had been built about six inches on its right of way, conduces strongly to show that the fence, which was built at least 2½ feet from his building after it had been moved back, was not on the land he had leased from Powell.

If there is another trial of the case, unless Collins shows that the fence was erected on land rightfully leased to him by Powell, the jury should be instructed to find a verdict for the company.

The judgment is reversed, with directions for a new trial in conformity with this opinion.

Judge Hannah not sitting.